## Lazarchick v. Pecovich

*Ralph M. Bashore*, for plaintiffs.

*John T. Pfeiffer* and *John B. McGurl*, for defendants.

STAUDENMEIER, J., July 24, 1967.—This is an action in ejectment. The complaint does not set forth an abstract of title upon which plaintiffs rely either from the common source of the adverse title of the parties or otherwise.

Preliminary objections, consisting of a motion to strike the complaint, follow:

"1. The Complaint violates Pa. R. C. P. No. 1054 (b) as it does not set forth a sufficient abstract of title on which the Plaintiffs rely.

"2. The abstract of title set forth by the Plaintiffs is insufficient because it does not trace title back to a common source of the adverse titles of the parties".

An examination of plaintiffs' complaint discloses that the description of the premises in question is set forth by metes and bounds, being a lot or piece of ground used as a parking lot adjacent to their place of business; that from April 5, 1944, to October 10, 1966, a period of more than 21 years, plaintiffs have at all times been in actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land; that on October 10, 1966, defendants took actual possession of the land without plaintiffs' consent or permission and are now occupying said land without right.

It is manifest that the complaint alleges a title by adverse possession.

In 3 Anderson Pa. Civ. Pract. §1054, comment 9, page 120, under heading "Exceptions to requirement of abstract of title—Party claiming by adverse possession", it is stated that when a plaintiff bases his title upon adverse possession, as in the instant case, there is no prior title from which plaintiff claims and that the requirement that the abstract of title run to a common source is not applicable to a plaintiff claiming right to possession based on an adverse use, prior possession, or a trespass earlier than that of defendant. See also Pepple v. Neibert, 6 D. & C. 2d 567 (1955).

And now, July 24, 1967, the preliminary objections are overruled and defendants are given 20 days in which to file an answer to the complaint.